# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ANGEL RAMOS-ALFARO,**
    Petitioner,

    v.                                                    Civil No. 19-1927 (BJM)

**COMMONWEALTH OF PUERTO RICO**,
    Respondent.

## OPINION AND ORDER

Petitioner Angel Ramos-Alfaro ("Petitioner") filed a *pro se* motion to file a second or successive 28 U.S.C. § 2254 habeas corpus petition with the United States Court of Appeals for the First Circuit on March 12, 2018, seeking an appeal of his conviction or a new trial. Docket No. ("Dkt.") 2. On September 24, 2019, the First Circuit ordered that Petitioner's filings be transferred to this court as a § 2254 petition upon finding that Petitioner had not filed any earlier § 2254 petition. Dkt. 1. Petitioner then requested to proceed *in forma pauperis,* and after the court granted this motion, *see* Dkt. 7, the U.S. Marshals served Raul Ramos of the Puerto Rico Department of Justice on November 11, 2019 on behalf of Petitioner, who named the "Commonwealth of Puerto Rico Department of Justice – Attorney's Office of Puerto Rico" as the respondent in the summons form. Dkt. 9. On April 13, 2021, I ordered the Commonwealth of Puerto Rico ("Respondent") to file a response to Petitioner's habeas petition. Dkt. 17. On May 4, 2021, Respondent moved to dismiss Petitioner's petition for lack of personal jurisdiction and for failure to join a party. Dkt. 18. This petition is before me by consent of the parties. Dkt. 10, 13.

## BACKGROUND

The facts regarding Petitioner's conviction are taken from his initial petition for writ of habeas corpus. *See* Dkt. 2.

On October 15, 2013, Petitioner was found guilty of aggravated burglary under Article 195 of the Puerto Rico Penal Code; aggravated property damage under Article 199 of the Penal Code; and aggravated larceny under Article 182 of the Penal Code. Dkt. 2 at 3. Petitioner was sentenced to 10 years of imprisonment. *Id.* Petitioner is currently being held at Campamento Zarzal, a correctional institution. *See* Dkt. 2-1 at 16.

Petitioner now contests his conviction on at least four grounds. Petitioner argues that he was not found guilty beyond a reasonable doubt; that the prosecution hid, suppressed, or omitted exculpatory evidence at trial; that the trial violated court rules, "procedure," and Petitioner's due process rights; and that he was deprived of his right to appeal. Dkt. 2 at 5-6. Petitioner cursorily notes still more grounds for contesting his conviction that I shall not address here due to reasons I discuss below.

Respondent moves to dismiss Petitioner's habeas petition on two grounds. First, Respondent argues that the petition should be dismissed because Petitioner failed to name the proper respondent. Dkt. 18 at 7. Additionally, Respondent argues that Petitioner's petition should be dismissed because he has failed to join a required party. *Id.* at 9.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) authorizes district courts to issue writs of habeas corpus on behalf of a "person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Under the AEDPA, district courts are typically required to accord substantial deference to the decisions of state courts. *Jackson v. Marshall*, 864 F.3d 1, 9 (1st Cir. 2017). Where a claim was "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), habeas relief is proper only if the state adjudication "was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also Santiago-Cosme v. Maldonado-Ruiz*, No. 16-2927(DRD), 2017 WL 4142595, at *3 (D.P.R. Sep. 18, 2017).

Petitioner is proceeding *in forma pauperis* as a *pro se* litigant. Where a litigant appears *pro se*, "the Court affords his pleadings special consideration when evaluating Respondents' motion to dismiss." *Id.* at *4. While this does not mean that Petitioner is exempt from procedural rules, "the allegations set forth in a pro se complaint are '[held] to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (citations omitted).

## DISCUSSION

The federal habeas statutes specify that an application for a writ of habeas corpus shall include "the name of the person who has custody over [the applicant]." Title 28 U.S.C. §2242. The statutes also state that the writ "shall be directed to the person having custody of the person detained." Title 28 U.S.C. § 2243. In *Rumsfeld v. Padilla,* the Supreme Court explained that a habeas petition must name the petitioner's immediate custodian as a respondent, stating: "[t]he consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 2717 (2004). This is also known as the "immediate custodian rule." *Id.* at 435. Rule 2 of the Rules Governing Section 2254 Cases states: "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." USCS Sec. 2254 Cases R 2.

Respondent notes that Petitioner's application is defective because it does not name the warden of the Campamento Zarzal correctional institution as the respondent. *See* Dkt. 18 at 1. Respondent argues that under rule 12(b)(2) and rule 19(a) of the Federal Rules of Civil Procedure, this defect warrants dismissal: the court lacks personal jurisdiction over the warden, who has not been served despite being an indispensable party. Dkt. 18 at 2, 8. Respondent is correct that such a defect warrants dismissal. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also Ortiz Cameron v. United States*, 506 F. Supp. 2d 92, 98 (D.P.R. 2007) (recommending dismissal due to lack of subject matter jurisdiction where petitioner filed in a district other than the one where he was jailed and did not include his warden as a respondent); *Baez-Figueroa v. Att'y Gen. of Puerto Rico*, No. CIVIL 14-1600 (FAB), 2015 WL 5436910, at *1, 6-7 (D.P.R. Sept. 15, 2015) (adopting a magistrate judge's recommendation that a complaint be dismissed where the petitioner failed to name his custodian as a respondent)*; Tham v. Adducci*, 319 F. Supp. 3d 574, 577 (D. Mass. 2018) (finding that the court did not have jurisdiction over a habeas application because the proper respondent was the warden of the New Hampshire facility where the petitioner was detained).

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To merit a certificate of appealability, however, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must also demonstrate that "reasonable jurists would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542

Angel Ramos-Alfaro v. Commonwealth of Puerto Rico, Civil No. 19-1927 (BJM)                    5

(2000). Given that Petitioner's application contains a clear procedural defect, I find that a certificate of appealability should not be issued in this matter. Petitioner remains free to file a new § 2254 petition that names the warden of Campamento Zarzal as the respondent.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is hereby **GRANTED**; Petitioner's petition for habeas relief under Section 2254 is **DENIED**; and Petitioner is **DENIED** a certificate of appealability. The Clerk of the Court is to **ENTER JUDGMENT DISMISSING THE INSTANT CASE WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 3rd day of August, 2021.

*s/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge